UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANNON LATIMORE, *Plaintiff*, -against- DUTCHESS COUNTY SHERIFF'S DEPARTMENT, *et al.*, *Defendants*. | 7:26-CV-4809 (KMK) ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Shannon Latimore ("Plaintiff") brings this action pro se, seeking damages and injunctive relief under 42 U.S.C. § 1983, arising from events alleged to have occurred while he was held in the Dutchess County Justice and Transition Center ("DCJTC"). (*See generally* Compl. (Dkt. No. 1).) Named as Defendants are: (1) the Dutchess County Sheriff's Department (or Office); (2) Dutchess County Sheriff Kirk Imperati ("Imperati"); (3) the DCJTC; (4) DCJTC Superintendent (or Warden) Theresa Lee ("Lee"); (5) DCJTC Deputy Superintendent (or Warden) Beth Schenella ("Schenella"); (6) Correctional Officer Trotta ("Trotta"); and (7) Correctional Officer Baker ("Baker").[1] The Court understands Plaintiff's Complaint as asserting claims under Section 1983 and under state law.

By order dated August 10, 2026, the court granted Plaintiff leave to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses the Dutchess County Sheriff's Department (or Office) and the DCJTC as Defendants, and adds the County of Dutchess (the "County") as a Defendant pursuant to Rule 21 of the

[1] Plaintiff sues the Defendants in their official capacities. (Compl. 2–4.)

Federal Rules of Civil Procedure ("Rule 21"). The Court also directs service on the County, Imperati, Lee, Schenella, Trotta, and Baker.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A. The Dutchess County Sheriff's Department (or Office), the DCJTC, and the official-capacity claims against the individual Defendants

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In pro se actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, No. 25-CV-10273, 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Courts have also invoked Rule 21 to add a municipality as a defendant in an action, even though the municipality was not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so.[2] *See, e.g.*, *Glover v. N.Y.C. Dep't of Corrs.*, No. 25-CV-1174, 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025).

---

[2] Generally, "[u]nder New York law, agencies which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter."); N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted municipalities for their agencies as defendants. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 20-CV-2050, 2020 WL 3618410, at *2–3 (S.D.N.Y. July 1, 2020) (substituting Orange County for the Orange County Sherriff's Office, which the plaintiff named in the complaint).

Because the DCJTC and Dutchess County Sherriff's Department (or Office) are entities of Dutchess County, the Court replaces these Defendants with the County pursuant to Rule 21. *See Rodriguez v. Dutchess Cnty. Justice & Transition Ctr.*, No. 26-CV-2673, 2026 WL 1649609, at *2 (S.D.N.Y. June 8, 2026) (substituting the County of Dutchess for the DCJTC as a Defendant pursuant to Rule 21); *see also Garcia v. Dutchess County*, 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) ("[T]he Dutchess County Sheriff's Office contends that it is not a suable entity . . . . [A]s Dutchess County itself remains a defendant in this action, [Plaintiff] will not be prejudiced by the removal of the Sheriff's Office as a named defendant."), *aff'd in part, dismissed in part*, 603 F. App'x 61 (2d Cir. 2015) (summary order). The Court's adding of the County of Dutchess as a Defendant in this Action will not prejudice any defenses it may raise in this Action.

Additionally, the Court dismisses Plaintiff's official-capacity Section 1983 claims against the individual Defendants because "[a Section]1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself." *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief.").

**B. Service of the Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[3]

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and complaint until the Court reviewed the complaint and ordered that summonses for the Defendants be issued. The

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the County, Imperati, Lee, Schenella, Trotta, and Baker through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons for each of these Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of these Defendants.

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to dismiss the Dutchess County Sheriff's Department (or Office) and DCJTC and to add the County of Dutchess as a Defendant in this Action. The Court further directs the Clerk of Court to: (1) issues summonses for the County, Imperati, Lee, Schenella, Trotta, and Baker; (2) complete USM-285 forms with the service addresses of each of these Defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on each of these Defendants to the United States Marshals

---

Court therefore extends the time to serve the Defendants until 90 days after the date that the summonses for the Defendants are issued. If the Complaint is not served within 90 days from the date that summonses for the Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Service. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this Action if he fails to do so.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 19, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The County of Dutchess
Law Department
22 Market Street
Poughkeepsie, New York 12601

2. Sheriff Kirk Imperati
Office of the Dutchess County Sheriff
108 Parker Avenue
Poughkeepsie, New York 12601

3. Superintendent (or Warden) Theresa Lee
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

4. Deputy Superintendent (or Warden) Beth Schenella
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

5. Correctional Officer Trotta
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

6. Correctional Officer Baker
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601